IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICKI M. K., | ) |
| | ) No. 20 C 6728 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Vicki M. K. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On June 3, 2015, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 95-126, 159, 176, 181-92.) On July 24, 2019, the Appeals Council remanded the case to the ALJ for further proceedings. (R. 198-201.) After a second hearing, on February 19, 2020, the ALJ again denied plaintiff's claim. (R. 69-86, 127-46.) The Appeals Council declined review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

However, "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). When an ALJ determines that a claimant is disabled and there is medical evidence of drug addiction or alcoholism, the ALJ "must determine whether [the] drug addiction or alcoholism is a contributing

2

factor material to the determination of disability"; that is, whether the claimant would still be disabled if she stopped using drugs or alcohol. 20 C.F.R. § 404.1535(a). To do so, the ALJ will determine whether the limitations on which the disability determination is based would remain if the claimant stopped using drugs or alcohol and then determine whether any or all of those remaining limitations would be disabling. 20 C.F.R. § 404.1535(b). If the remaining limitations would not be disabling, the drug addiction or alcoholism is a contributing factor material to the determination of disability. *Id.* If the remaining limitations are disabling, the drug addiction or alcoholism is not a contributing factor material to the determination of disability. *Id.*

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged disability onset date. (R. 71.) At step two, the ALJ determined that plaintiff has the severe impairments of "chronic obstructive pulmonary disease ["COPD"]; bipolar disorder; and substance abuse disorder." (R. 72.) At step three, the ALJ found that, including her substance abuse, plaintiff's impairments meet listings 12.04 and 12.06, but if she stopped substance abuse, she would not have an impairment or combination of impairments that meets or medically equals a listing. (R. 72-73.) At step four, the ALJ found that plaintiff is unable to perform her past relevant work but, absent the substance abuse, she would have the RFC to perform light work with certain exceptions. (R. 79, 86.) At step five, the ALJ found that, absent her substance abuse, plaintiff could perform jobs that exist in significant numbers in the national economy, and thus she is not disabled. (R. 87-88.)

Plaintiff first assails the ALJ's conclusion that plaintiff has the severe impairment of substance abuse disorder because it contradicts, without acknowledging, the contrary opinions of the agency medical reviewers. (*See* R. 72, 158, 175.) That is true, but would be relevant only if the agency reviewers' opinions about plaintiff's non-substance-abuse-related impairments differed

3

from that of the ALJ. But they do not. The agency reviewers and the ALJ all found that, absent substance abuse, plaintiff's COPD and bipolar disorder are not disabling. (R. 73, 150-58, 166-75.) Thus, the ALJ's ultimate decision is supported by the agency reviewers' opinions.

Plaintiff also argues that the ALJ improperly assessed the July 7, 2016 opinion of plaintiff's treating psychiatrist, Dr. Lal. Dr. Lal said that plaintiff meets listings 12.04 and 12.06 for bipolar and anxiety disorders, respectively, because she has "persistent sleep disturbance, feelings of guilt/worthlessness, easy distractibility–episodes of depression & impulsivity, [and] ongoing anxiety affecting ability to sustain work & social functioning." (R. 729.) Because of these impairments, Dr. Lal said, plaintiff's abilities to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, perform at a consistent pace, and complete a normal weekday were "poor," *i.e.*, she has "[n]o useful ability to function" in those areas. (R. 730.) As support for those opinions, Dr. Lal wrote: "Chronic [history] of bipolar D/O–severe anxiety impulsivity–polysubstance abuse indicate poor judgment." (R. 731.)

The ALJ interprets Dr. Lal's opinion to mean that plaintiff's impairments only meet the listings when she is abusing drugs and alcohol. (R. 73.) Certainly, the record shows that substance abuse exacerbates plaintiff's impairments. (*See, e.g.*, R. 765 (medical record dated 9/13/17 in which doctor states: "I informed [plaintiff] that it is virtually impossible to treat her symptoms of anxiety and depression while she continues to use substances."); R. 908 (medical record dated 6/14/19 stating that plaintiff reported suicidal ideation because she was drunk); R. 1075 (medical record dated 10/11/17 stating that plaintiff reported "doing so much better" since she stopped using drugs); (R. 1102 (medical record dated 10/2/18 stating that plaintiff "[r]eports that when she drinks, she at times gets 'hopeless and depressed,' and may act out impulsively").) But it also shows that she has listing-level impairments even when abstinent, and these impairments, at times,

4

cause her to abuse substances. (*See, e.g.,* R. 25 (medical record dated 2/4/19 stating that plaintiff had been sober since October 2018 but presented with "depression, agitation, psychosis, suicidal thoughts and hallucinations"); R. 746-47 (medical record dated 7/12/17 stating that plaintiff has "self medicated her anxiety and depression [with alcohol] for at least the last 2 years," "appears to turn to alcohol to treat stress," and though she was intoxicated when admitted for suicidal ideation the previous day, she reported that her depression had "worsen[ed] . . . over the last several weeks"); R. 624-27 (consultative examiner's report dated 11/6/15 diagnosing plaintiff with "Major Depressive Disorder, recurrent, Moderate with psychotic features," without any reference to substance abuse); R. 688 (medical record dated 12/13/15 stating that plaintiff made a suicide attempt after drinking but said she had been suicidal before her attempt); R. 782-83 (medical record dated 8/11/17 stating that plaintiff was abstaining from alcohol but was "highly anxious, agitated, depressed" and hopeless); R. 829 (medical record dated 12/18/15 stating that plaintiff was "quite anxious, stressed & hears voices that say negative things . . . about her," though she was abstaining from drugs and alcohol); R. 946 (medical record dated 10/3/18 stating that plaintiff has "impulsivity substance abuse").) In short, the ALJ's interpretation of Dr. Lal's opinion is not supported by substantial evidence.[1] Accordingly, this case must be remanded.

---

[1] The ALJ could have remedied the situation by asking Dr. Lal to clarify her opinion. *Ridinger v. Astrue*, 589 F. Supp. 2d 995, 1008 (N.D. Ill. 2008) ("When an ambiguity in the evidence must be resolved in order for the ALJ to determine whether the claimant is disabled, the ALJ has a duty to re-contact the medical source for clarification.").

5

**Conclusion**

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [19], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  ENTERED:  August 18, 2022

**M. David Weisman**
**United States Magistrate Judge**